# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS ROCKY MCCLAIN, JR.,<br>Plaintiff,<br>v.<br>THAO, *et al.*,<br>Defendants. | Case No. 1:26-cv-04476-BAM (PC)<br>ORDER DIRECTING PLAINTIFF TO FILE NOTICE CLARIFYING HIS INTENT<br>(ECF Nos. 9, 10)<br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Cyrus Rocky McClain, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 7, 2026, the Court screened Plaintiff's complaint and found that it stated a cognizable claim against Defendant E. Noujaime for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief. (ECF No. 9.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court. (*Id.*)

On August 10, 2026, Plaintiff filed a "Notice to the Court that I am willing to proceed on my COGNIZABLE CLAIM." (ECF No. 10.) In this filing, Plaintiff states that he is "requesting a short extension due to being transferred and given incorrect mailing information which led the Court to having a no-so-current mailing address." (*Id.*) Plaintiff further states that he submitted a second notice of change of address and just received the Court's screening order with the thirty-

day deadline on August 5, 2026. (*Id.*)

Based on this filing, it is not clear how Plaintiff wishes to proceed with this action. The Court therefore finds it appropriate to allow Plaintiff an opportunity to clarify his intent. Specifically, Plaintiff should file a written response stating: (1) whether he wishes to proceed his original complaint, which states a cognizable claim only against Defendant Noujaime for excessive force in violation of the Eighth Amendment; or (2) whether he wishes to file a first amended complaint and requires an extension of time to do so.

Accordingly, it is HEREBY ORDERED that:

1. Within **fourteen (14) days** from the date of service of this order, Plaintiff SHALL FILE a written notice of how intends to proceed in this action; and
2. If Plaintiff fails to respond to this order, then the Court will recommend dismissal of this action, without prejudice, for failure to prosecute and failure to obey a court order.

IT IS SO ORDERED.

Dated: **August 13, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE