# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CYRUS ROCKY MCCLAIN, JR.,

Plaintiff,

v.

THAO, *et al.*,

Defendants.

Case No. 1:26-cv-04476-BAM (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS

(ECF Nos. 1, )

**FOURTEEN (14) DAY DEADLINE**

## I. Background

Plaintiff Cyrus Rocky McClain, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 7, 2026, the Court screened Plaintiff's complaint and found that he stated a cognizable claim against Defendant E. Noujaime for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief. (ECF No. 9.) The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court. (*Id.*) On September 28, 2026, Plaintiff notified the Court of his willingness to proceed only on the cognizable claim against Defendant Noujaime. (ECF No. 14.)

**II. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III. Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed at Valley State Prison in Chowchilla, California. Plaintiff names the following as defendants: (1) M. Thao, correctional officer, (2) T. Samora, correctional sergeant, (3) E. Noujaime, Lieutenant, and (4) Valley State Prison, a CDCR institution.

Plaintiff claims excessive force in violation of the Eighth Amendment. Plaintiff alleges as follows:

On July 19, 2025 I was assaulted by Officer M. Thao, Sergeant T. Samora and

> Lieutenant E. Noujaime while I was in handcuffs and leg restraints. I was beaten within the confines of Room 29 on Facility A, housing unit A2 at Valley State Prison in Chowchilla, California. These officers did NOT have on any body-camera technology but the institution's AVSS (Audio Video Surveillance System) did capture the multiple kicks to my head by Lieutenant E. Noujaime in the frame of the doorway. Valley State Prison identified my claim as an allegation of staff misconduct and failed to provide me a separate response indicating the conclusion of their process.

(ECF No. 1 at 3.) Plaintiff alleges he received a bump and bruise to his forehead as well as severe neck and back pain. Plaintiff also suffered severe mental health struggles including a breakdown which resulted in a mental health crisis bed admission. Plaintiff seeks monetary compensation.

**IV. Discussion**

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but not a plain statement of his claims. As explained below, Plaintiff must set forth factual allegations, not conclusory allegations, so that the Court may determine if Plaintiff plausibly states a claim. Plaintiff's complaint does not include any allegations identifying the named defendants or their alleged actions, other than E. Noujaime. Without basic information concerning what happened, the Court cannot determine if he states a cognizable claim for relief.

**Eighth Amendment - Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832–33 (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 n.7 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant E. Noujaime for kicking Plaintiff in the head while Plaintiff was handcuffed and in leg restraints. Plaintiff fails to state a claim against Defendant M. Thao and T. Samora. Plaintiff's conclusory allegations that he was assaulted is insufficient. Plaintiff fails to allege what these Defendants did or did not do to violate his rights.

**Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

Therefore, Plaintiff cannot pursue claims for damages or injunctive relief against the State, CDCR, or Valley State Prison in this action. Plaintiff's claim for monetary damages against the named defendants in their official capacities also are barred by the Eleventh Amendment.

**Grievance Process**

Although not entirely clear, Plaintiff may be attempting to base his claims on the denial of his grievances. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993); *see also Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5

(E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Denial or refusal to process a prison grievance is not a constitutional violation. *Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018). Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening, processing, or denial of his grievances or complaints.

## V. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant E. Noujaime for excessive force in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claim against any other defendant.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed on June 10, 2026, against Defendant E. Noujaime for excessive force in violation of the Eighth Amendment.
2. All other claims and defendants be dismissed.

***

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d

834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 1, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE